IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |
|---|---|
| CRIMINAL COURT OF MEMPHIS AND SHELBY COUNTY, | |
| Plaintiff, | |
| vs. | No. 11-2560-STA-tmp |
| DEVITOE-CHAUNTAUNT:FARMER a/k/a DEVITOE FARMER, | |
| Defendant. | |

---

ORDER CORRECTING THE DOCKET
ORDER GRANTING MOTION FOR LEAVE TO RESPOND
ORDER DENYING MOTION TO DISMISS
AND
ORDER REMANDING CASE TO SHELBY COUNTY CRIMINAL COURT

---

On July 1, 2011, Defendant Devitore-Chauntaunt:Farmer a/k/a Devitoe Farmer filed a Notice of Removal pertaining to a criminal case pending against him in the Criminal Court for Memphis and Shelby County, Tennessee (the "Shelby County Criminal Court") for theft of property over $60,000, accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.)[1] On July 6, 2011, the Court granted leave to proceed in forma pauperis. (ECF No. 3.) On July 11, 2011, Defendant filed an amended Notice of Removal. (ECF No. 4.)

---

[1] The Clerk is directed to correct the docket to reflect Defendant's alias, which is found in the indictment and the affidavit of complaint. (See ECF No. 1 at 7-9.)

On August 16, 2011, the Clerk of the Shelby County Criminal Court filed a motion seeking leave to respond to the Notice of Removal (ECF No. 6) and a motion to dismiss (ECF No. 5). For good cause shown, the motion for leave to respond is GRANTED.[2] The Motion to Dismiss assumes, incorrectly, that this is a civil rights action that is subject to dismissal under 28 U.S.C. § 1915A. The Notice of Removal purports to remove Farmer's pending criminal case to federal court. The remedy for an improper removal is an order of remand, not a dismissal of the action.[3] Therefore, the motion to dismiss is DENIED.

As noted, Defendant has been charged with theft of property over $60,000. According to the affidavit of complaint, Farmer was occupying a foreclosed residence in Memphis without the consent of the owner, the Federal National Mortgage Association ("FNMA"). When the police arrived to remove him, Defendant claimed to be the owner of the property. Documents were also posted on the door indicating that the property was owned by Devitoe Farmer. (Aff. of Compl., ECF No. 1 at 8.)

The Notice of Removal (Diversity), which is largely incomprehensible, asserts that the State Department had to be notified of the criminal charge, that a federal district court must grant the State of Tennessee jurisdiction to prosecute Farmer, that

---

[2] Defendant has not responded to the Motion to Dismiss but, because the motion is plainly meritless, it is unnecessary to delay the remand of this case to permit a response.

[3] In addition, 28 U.S.C. § 1915A appears to be inapplicable because Farmer is not a prisoner. In forma pauperis actions are screened under 28 U.S.C. § 1915(e)(2).

Farmer is a "NON-Corporate" and in diversity with the State of Tennessee, that Farmer is a corporation with complete immunity from suit, that there has been an unspecified violation of the Uniform Commercial Code ("UCC"), and that the United States Constitution encompasses the UCC. The Notice of Removal purports to seek money damages.

The Modified Notice of Removal purports to add, as additional parties, the Shelby County Sheriff's Department, Officer B. Less, FNMA (which was sued as "Fannie Mae"), the First National Mortgage Association, and Michael Williams, the Chief Executive Office of FNMA. (ECF No. 4.)

There is no subject-matter jurisdiction over the action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed 2d 391 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) ("Federal

3

courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403, 57 L. Ed. 2d 274 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises. See, e.g., Insurance Corp. of Ireland, Ltd., 456 U.S. at 702, 102 S. Ct. at 2104 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L. Ed. 845 (1938); Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte"). A district court may address the issue of subject-matter jurisdiction of a removed case sua sponte. Probus v. Charter Communic'ns, LLC, 234 F. App'x 404, 406 (6th Cir. 2007). Although a district court may not remand a case sua sponte because of a procedural defect in the removal, Page v. City of Southfield, 45 F.3d 128, 132-33 (6th Cir. 1995), a sua sponte remand for want of subject-matter jurisdiction is permitted, Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet, 115 F. App'x 813, 816-17 (6th Cir. 2004).

The Notice of Removal purports to remove this case under 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This action is a criminal case, not a civil action.[4] Criminal cases may be removed in only limited circumstances, none of which are applicable here. 28 U.S.C. §§ 1442(a), 1442a, 1443.

Because this Court lacks subject-matter jurisdiction over the matter, the case is REMANDED to the Shelby County Criminal Court. The Clerk is directed to close the case without entry of a judgment.

Pursuant to 28 U.S.C. § 1447(d), orders remanding a case to state court for want of subject-matter jurisdiction are not appealable.

---

[4] Because Defendant asserts that there is diversity jurisdiction, he may intend to cite 28 U.S.C. § 1441(a), which governs removal of cases from state court on the basis of diversity jurisdiction. That provision is inapplicable here because it is limited to civil cases.

5

The Clerk is directed, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the Clerk of the Shelby County Criminal Court.

IT IS SO ORDERED this 18th day of November, 2011.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE